McKEY v. BRUNS.

In re GEORGE C. BRUNS CO.

(Circuit Court of Appeals, Seventh Circuit. April 10, 1917.)

No. 2456.

1. CORPORATIONS ☞309(2)—ADVANCES BY OFFICERS—LIABILITY OF CORPORATION.

Where the president and principal stockholder of a bankrupt corporation furnished the money with which to carry out a composition, and there was nothing to show that the advance was intended as a gift, he had a claim against the corporation for the money so advanced.

2. BANKRUPTCY ☞312—RIGHT TO PROVE CLAIMS—ESTOPPEL.

A bankrupt corporation effected a composition whereby $2,500 was to be paid to creditors in cash and the balance of the agreed payment was to be paid in installments. The president and principal stockholder, through a personal loan, provided the $2,500 for the cash payments, and in a letter proposing the composition he stated that this payment would be raised outside of the assets of the company. Notes were executed for the deferred payments, and, default having been made, another petition in bankruptcy was filed. Held, that the president's statement that the funds for making the cash payments would be raised outside the assets of the company did not estop him from proving his claim for the money advanced to the corporation; there being no representation that the advance would not be repaid by the corporation.

3. BANKRUPTCY ☞314(1)—RIGHT TO PROVE CLAIM—EFFECT OF RIGHT OF PRIORITY.

The fact, if true, that the claims based on the composition notes should be first paid, before payments of the president's claim, did not prevent the president from proving his claim and having it allowed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Bankruptcy proceeding against the George C. Bruns Company.

From an order allowing the claim of George C. Bruns, Frank M. Mc-Key, trustee, appeals. Affirmed.

In June, 1915, petition in bankruptcy was filed against George C. Bruns Company, a corporation. A composition was effected whereby the creditors received in settlement of their claims 50 per cent. thereof, as follows: Ten per cent. in cash; 10 per cent. December 15, 1915; 10 per cent. January 15, 1916; five per cent. on the 15th of each of the months of February, March, April, and May, 1916—notes being given for the deferred payments. It was agreed by the bankrupt, as a condition of the composition, that until the full payment of all the composition notes the business of the company should be supervised by a committee of the creditors, and that in case of default in payment of any of the notes, then after 15 days the committee be authorized to take possession of the company's assets, and, in the discretion of the committee, dispose of same, and pay, first, its expenses; second, all of the composition notes, including a note held by the committee for expenses theretofore incurred; and the balance, if any, to the attorneys for the company. When the composition became effective the bankruptcy proceedings were discontinued, and the property of the corporation was turned over to the company, which thereupon, under the general direction of the creditors' committee, continued to run the business, selling some of the goods on hand, buying some new goods, and incurring some further indebtedness. The 10 per cent. cash payment, amounting to $2,500, was provided by appellee George C. Bruns, president and principal stockholder of the company, through a loan to him personally, and in the letter which Bruns sent out to the creditors, proposing the composition, it was stated that the $2,500 to make the first payment would be raised outside of the assets of the company.

Default being made in the payment of the composition notes, which matured February 15th, and the committee being unable to reach an agreement for further continuance of the business, on March 31, 1916, the committee, on behalf of the creditors, filed another petition in bankruptcy against the company, under which it was declared a bankrupt, and the appellant herein duly chosen trustee. Under date of October 30, 1915, the company, by Bruns, its president, executed a note to Bruns for $2,500, representing the amount which Bruns had borrowed and turned over for the purpose of making the first payment, in case the composition was carried through. The board of directors of the bankrupt did not authorize such note to Bruns. In the present bankruptcy proceeding Bruns filed this note as a claim against the bankrupt estate. To the claim so filed the trustee made objection upon the following grounds: "First, said claim is colorable, fictitious, and invalid; second, said George C. Bruns is estopped from making said claim"—and asking that the claim be disallowed in its entirety. The referee in bankruptcy disallowed the claim, and on review the District Court ordered the claim allowed. By this proceeding it is sought to reverse the order of the District Court allowing this claim.

Henry J. Darby, of Chicago, Ill., for appellant.
James Rosenthal, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] There is nothing in the record from which it may be concluded that the $2,500, which Bruns advanced to make the first payment, was intended by him as a gift to the corporation; and, this being so, clearly Bruns had a claim against the corporation for the money he thus advanced for its benefit, and as the result of which the company was enabled to compromise the claims against it, and to resume its business freed from the bankruptcy proceedings.

It is urged that the note is invalid, because the board of directors did not authorize it to be given. But the note is of no necessary consequence, since it is the consideration, rather than the note itself, with which we are actually concerned. The claim is neither colorable, fictitious, nor invalid, and the trustee's first objection is not sustained.

[2] Respecting the second objection, that Bruns is estopped from making the claim, reliance is placed mainly upon his representation to the creditors that funds for making the first cash payment of $2,500 were no part of the assets of the corporation. This was not directly or indirectly any representation that the person advancing this money, primarily for the benefit of the corporation and to help settle its debts, would not have therefor a claim against the corporation. We find nothing in the record to warrant the contention that Bruns, or any one else who would thus advance the money, should not be repaid by the corporation, and nothing because of which Bruns is estopped from making claim for it.

[3] Much of appellant's brief is devoted to showing that, out of the assets of the bankrupt, the claims based on the composition notes should be first paid before appellee receives anything. However this may be, appellant's right to exhibit his demand, and to have it allowed as a claim against the bankrupt, is in no wise dependent upon the order of payment as between the various creditors of the bankrupt. His claim was provable, whether ultimately payable first or last. The objections of the trustee do not purport to raise any question of rank of the respective claims as to each other, nor does it appear that any of the other creditors who are directly interested in the question are asserting any right of priority over appellee; neither does the order of allowance of Bruns' claim assume to deal with any such question.

The District Court properly allowed the claim, and its order of allowance is affirmed.