### In re GEORGE C. BRUNS CO.

### BRUNS v. GEORGE BAKER & SONS, Inc., et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1919.)

#### No. 2597.

BANKRUPTCY ☞345—PRIORITY—AGREEMENTS.
    Where a president of a bankrupt corporation advanced money to the corporation to enable it to carry through a composition agreement, president stating in a circular letter to the creditors, "To effect the settlement, $2,500 in cash, which is no part of the assets of the corporation, has been put up to guarantee the first payment," the agreement being intended to give to the settlement creditors priority in any liquidation of the assets, the agreed subordination of the rights of such lender to those of other creditors will be enforced.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the George C. Bruns Company, bankrupt. From an order denying the priority of a claim of George C. Bruns over that of George Baker & Sons, Incorporated, Julius Grossman, Incorporated, and Maetrick, Eyre & Co., Incorporated, Bruns appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James Rosenthal, of Chicago, Ill., for appellant.

Julius Moses, of Chicago, Ill., for appellees.

Before BAKER and MACK, Circuit Judges, and SANBORN, District Judge.

MACK, Circuit Judge. The facts in this case are stated in McKey v. Bruns, 243 Fed. 370, 156 C. C. A. 150, affirming the allowance of Bruns' claim for $2,500 advanced by him on October 30, 1915, to the bankrupt corporation to enable it to carry through a composition agreement of 10 per cent. cash and 40 per cent. in notes, made in a former bankruptcy proceeding. The question of the composition creditors' priority over this claim was not then passed upon; that question is now presented on appeal from an order granting such priority.

Under the settlement agreement, the business was to be conducted under the supervision of a creditors' committee until the notes should be paid, and, in case of default in payment continuing for 15 days, the committee was empowered to take possession of the assets, to dispose of them as it deemed advisable, and, after payment of expenses, to apply the proceeds to the payment of the settlement notes. Only the surplus, if any, was to be paid to the bankrupt.

While this agreement was made with the largest creditors on October 28, 1915, it was not to be effective, either until all creditors had accepted it or until the composition was confirmed by the court. On November 9th all the creditors were requested to execute the agreement; in the circular letter to them, Bruns, as the bankrupt's president, stated that—

"To effect the settlement, $2,500 in cash, which is no part of the assets of the corporation, has been put up to guarantee the first payment."

On December 20th the composition was confirmed.

In our judgment, this agreement was intended to give to the settlement creditors priority in any liquidation of the assets. This priority was not dependent upon a liquidation out of court; the right of the creditors' committee so to proceed, in case of default, was granted merely as an additional means of effectuating the priority. While, as against subsequent bona fide creditors of the company, no lien on the assets was thereby acquired by the settlement creditors, as between them and Bruns, his loan to the company was clearly intended to be a subordinated indebtedness. It was made before the composition agreement became effective, and at a time when the entire assets were applicable to the composition creditors' claims. In effect, it was a not uncommon advance to a corporation for the very purpose of bettering its financial condition, by increasing its assets without correspondingly, as against the composition creditors, increasing its liability.

In Dozier v. Sangamon Loan & Trust Co., 224 Fed. 372, 140 C. C. A. 58, under analogous, though not identical, circumstances, we held that—

"There would seem to be no reason, irrespective of any question of estoppel, for refusing to enforce the agreed subordination of the rights of such a lender to those of other creditors."

Order affirmed.